Doris G. TERRY and Paula Jean Terry,
Plaintiffs and Respondents,

v.

ZIONS COOPERATIVE MERCANTILE
INSTITUTION and John Does I and
II, Defendants and Appellants.

No. 16065.

Supreme Court of Utah.

Aug. 18, 1980.

Tim Dalton Dunn of Hanson, Russon, Hanson & Dunn, Salt Lake City, for defendants and appellants.

Ronald R. Stanger, Provo, for plaintiffs and respondents.

## ON REHEARING

CROCKETT, Chief Justice:

Our previous decision in this case [1] rejected defendant's attack upon the judgment in favor of the plaintiff for $6,500 general damages for false arrest and malicious prosecution and $15,000 punitive damages, which latter item the trial court had ordered reduced to $2,000 as a condition to denying defendant's motion for a new trial, which condition was accepted by the plaintiff. However, the majority opinion went further and ordered that the $2,000 award for punitive damages be restored to the $15,000 which had been awarded by the jury.

On petition for rehearing, defendant urges that the plaintiff had no valid cross–appeal and that, therefore, it was improper for this Court to grant her affirmative relief by increasing the judgment as to the amount of punitive damages. That is the problem we here deal with.

The defendant filed its notice of appeal and the designation of record on September 21, 1978. A cross–appeal was filed by the plaintiff on October 17, 1978, stating as her point on cross–appeal that the trial court had erred "in reducing the punitive damages from $15,000.00 to $2,000.00." On December 1, 1978, the defendant moved to dismiss the plaintiff's cross–appeal on the

1. Utah, 605 P.2d 314 (1979).

ground that it was not filed within the ten days after the filing of appellant's designation, as required by Rule 75(d), U.R.C.P., set forth below.

Subsequently, on February 1, 1979, apparently in recognition of the plainly evident fact that her cross–appeal had not been timely filed, the plaintiff filed a motion to withdraw it. It is true that in connection therewith, she stated that "the formality of a cross–appeal is not essential to the plaintiff's request for reinstatement of the original amount of the verdict." In the memorandum in support of her motion, she also asserted that she "can either Cross Appeal or in her Respondents brief can request this Court to reinstate the original amount of the verdict."

It should be borne in mind that the plaintiff could not create rights in herself by merely reciting that she had them. The critical question is whether, on the basis of the record, she had such rights.

The minute entry of this Court, dated February 5, 1979, simply states that plaintiff's motion to withdraw her cross–appeal is granted. It does not state any ground, except that she so moved, nor place any condition or limitation thereon. We see no justification for any assumption that the plaintiff was entitled to rely on any implication or inference that a cross–appeal was not necessary. The vital and immutable fact is that the cross–appeal was dismissed; and this Court is obliged to treat the case just that way: that there is no cross–appeal. No inference should be drawn one way or the other from a silent record.

Plaintiff argues that when the defendant took an appeal from the entire judgment, including the award of punitive damages, that entitled her to address the whole subject matter of the judgment without the necessity of a cross–appeal. That position does not harmonize with the present Rules of Civil Procedure and their purpose, particularly the requirement as to cross–appeals, referred to below.[2] The main purpose of the adoption of those new rules was to provide the simplest and most efficient means of identifying issues and resolving disputes.[3]

The rule which deals with the problem of cross–appeals is Rule 74(b), U.R.C.P., which states:

Where any one or more parties have filed a notice of appeal as required by Rule 73, *other parties may* separately or together *cross appeal* . . . without filing a notice of appeal; *provided,* however, such party or parties *shall file a statement of the points* on which he intends to rely on such cross appeal *within the time and as required by subdivision (d) of Rule 75.*

As to the time limitation, Rule 75(d) states:

If the respondent desires to cross–appeal, or if the appellant has filed a statement of the points . . . and the respondent desires to have the appellate court consider other or additional matters, *the respondent shall, within 10 days after the service and filing of appellant's designation . . . serve and file a statement of respondent's points* either *by way of such cross–appeal* or for the purpose of having considered other or additional matters than those raised by appellant.

From the just–quoted rules, it could hardly be clearer that if a respondent desires to attack the judgment and change it in his favor, he must timely file a cross–appeal which plainly states the propositions he intends to rely on as entitling him to relief. This conforms with the desired objective of giving his opponent and the court a clear and definite understanding of the issues to be treated and of thus providing a firm foundation upon which the case is to proceed. Under the comparable federal rule,[4] the eminent authority Moore states that:

---

**2.** It is to be noted that the cases relied upon by the plaintiff were decided prior to the adoption of our Utah Rules of Civil Procedure, effective January 1, 1950.

**3.** Rule 1, U.R.C.P.

**4.** Rule 4(a)(3), F.R.A.P.

. . . *if he* [the appellee] *wishes* to argue for alteration of the judgment *to enlarge his rights,* he must file his own notice of appeal or petition within the time provided in the rules, i. e., in the usual parlance, *he must file a cross–appeal* or cross–petition. This is true whether he seeks to revive a separate claim rejected by the court below, or to increase the amount awarded on the claim that is the subject of the appeal . . . . [Citing cases.][5]

(All emphasis herein is added.)

In applying that rule to the instant situation, these facts should be kept in mind: Defendant's appeal attacked the judgment in regard to the conduct of the trial, analysis of the evidence, instructing the jury, and the judgment entered as a consequence thereof. Whereas, what the plaintiff sought was to increase the punitive damages, which thus constituted a request for an affirmative change of the judgment for her benefit; and all of this involved review of post–trial proceedings in offering the plaintiff her choice of either taking a new trial, or of agreeing to a remittitur of the amount of punitive damages, which latter alternative she accepted. It is significant that the plaintiff's counsel himself correctly indicated his awareness of the necessity of filing a cross–appeal by doing so. But after being confronted with the fact that it had not been timely filed, there appears to have been no viable alternative than to withdraw the cross–appeal.

Consistent with what has been said above, due to the fact that the plaintiff had no valid cross–appeal against the judgment which fixed the punitive damages at $2,000, it is our opinion that the judgment of the trial court should be affirmed in its entirety. The parties each to bear their own costs on appeal.

HALL and STEWART, JJ., concur.

WILKINS, Justice (dissenting):

I respectfully dissent.

The issue presented on this rehearing is whether this Court properly reinstated that portion of the punitive damages awarded by the jury which was remitted by the District Court, in the absence of a cross–appeal by respondent on that issue.

The decision reached in the main opinion purports to rest upon an interpretation of Rules 74(b) and 75(d), Utah Rules of Civil Procedure.[1] In my view, this interpretation fails to comport with either the spirit or the letter of the Rules of Civil Procedure.

The main opinion correctly points out that "[t]he main purpose of the adoption of those . . . rules was to provide the simplest and most efficient means of identifying issues and resolving disputes." To that end, the rules incorporate what is most often referred to as "notice pleading." As was pointed out by this Court in *Prince v. Peterson:*[2]

. . . the purpose of pleadings is to advise the opponent and give him an opportunity to meet the issues and the contentions (footnote omitted).

When viewed in the light of this purpose—and since Rule 74(b) does not specify when

---

**5.** 9 Moore's Federal Practice ' 204.11[3]. Therein, the classic statement of the rule is quoted from the opinion of Mr. Justice Brandeis, speaking for a unanimous court in *United States v. American Ry. Express Co.,* 265 U.S. 425, at 435, 44 S.Ct. 560, at 564, 68 L.Ed. 1087 (1924): "A party who does not appeal from a final decree of the trial court cannot be heard in opposition thereto when the case is brought here by the appeal of the adverse party. In other words, *the appellee may not attack the decree with a view . . . to enlarging his own rights* thereunder . . . ." (All emphasis herein is added.) In further reference thereto, Moore states that: "By 1937, this formulation was referred to by the Court as 'inveterate and certain,' and it has been reiterated many times since then." (Citing cases.)

**1.** The dictum in the main opinion citing Moore's Federal Practice cannot be considered controlling here inasmuch as the Federal Rule of Appellate Procedure there under consideration is not even remotely similar to our rules covering cross–appeals. United States Supreme Court decisions construing the federal rule are thus not only not controlling but are inapposite to the question here considered.

**2.** Utah, 538 P.2d 1325, 1328 (1975).

a cross–appeal is necessary–it is clear that appellant could not have been surprised, and was in no way prejudiced, by respondent's attack here on the District Court's remittitur.

Appellant appealed from the *entire* judgment, including the award of punitive damages, and so certainly should be considered to have had notice that any, and all, aspects of that judgment were subject to scrutiny on appeal. Indeed, taking the converse of the "notice" argument, since appellant chose to attack the entire judgment, why should respondent have anticipated that a cross–appeal was necessary in order to attack the remittitur, which was a part of the entire judgment? It seems unfair to me that appellant should be able to attack *any* award of punitive damages and, at the same time, forbid respondent, to attack the District Court's remittitur of almost four–fifths of the award.

Although the case of *San Pedro, L. A. & S. L. R. Co. v. Board of Education of Salt Lake City*[3] was decided over forty years before the adoption of our present Rules of Civil Procedure, I think the reasoning employed there is equally valid in the present situation.

No doubt, if the moving party appeals from a specific part of the judgment, and the respondent desires matters reviewed that do not come within the appeal as taken by the appellant, then in order to bring such matters to the attention of this court, the respondent is required to take a cross–appeal; but where the whole judgment is appealed from we can conceive of no good reason why a cross–appeal is necessary.

I would affirm this Court's prior decision in this matter in all respects.

MAUGHAN, J., *concurs.*

---

3. 35 Utah 13, 17, 99 P. 263, 265 (1909).