ENGINEERING ASSOCIATES, INC., a Utah Corporation, Plaintiff,

v.

IRVING PLACE ASSOCIATES, INC., Richardson, Richardson & Associates, Defendants, Cross-Plaintiffs and Respondents,

v.

USLIFE REAL ESTATE SERVICES CORPORATION, Defendant, Cross-Defendant, Counterclaimant and Appellant.

No. 16895.

Supreme Court of Utah.

Dec. 17, 1980.

---

Gary E. Atkin of Gustin, Adams, Kasting & Liapis, Salt Lake City, for defendant, cross-defendant, counterclaimant and appellant.

James R. Morgan, Earl D. Tanner, Jr., of Earl D. Tanner & Associates, Salt Lake City, for defendants, cross-plaintiffs and respondents.

HARDING, District Judge:

This case was submitted to the trial court upon a stipulation, with argument by counsel. The court found in favor of the plaintiff on its complaint, and in favor of the respondent on its cross-complaint against the appellant. The judgment for the plaintiff is not an issue in this appeal. We are concerned only with the claims of respondent and appellant against each other.

Irving Place Associates, Inc., respondent herein, was engaged in converting the old Irving Jr. High School in Salt Lake City to an office complex. It sought financing through appellant, USLIFE Real Estate Services Corporation. Under date of January 24, 1975, it made an application through appellant for a mortgage loan commitment of $1,000,000 from one of appellant's affiliates. The commitment fee was $30,000. The application was later amended to request a loan of $1,100,000, and presumably a commitment fee of $33,000. The pertinent parts of the application are as follows:

DATE: January 24, 1975

TO: A USLIFE Corporation affiliate (to be named)

SUBJECT: Standby First Mortgage

Gentlemen:

We hereby make an application for a mortgage loan to the above-named company (hereinafter called Lender) upon the terms and conditions incorporated herein by reference.

*Location of Property*: 1177 East 2100 South Street, Salt Lake City, Utah, 84106

*Size of Plot*: 5.5 acres.

*Borrower*: (Applicant): A corporation to be formed, with the following individuals as stockholders: Ronald Winegar, Terry Reid, William A. Richardson and M. Keith Richardson.

*Type of Property*: Existing high school to be remodeled with modern office space —61,000 net rentable square feet.

*Loan Amount*: $1,000,000

*Interest Rate*: 16% *Annual Constant*: 18% *Term*: Five years

*Commitment Term*: 18 months

*Commitment Fee*: $30,000—One point to be returned if liability is terminated during the first 12 months.

We find these basic terms acceptable to us, and so indicate below. Enclosed is our certified or cashier's check representing a good faith deposit of $10,000 payable to your company or order.

Should one of your life insurance company affiliates agree to issue a standby first mortgage commitment, the funds will be delivered to said affiliate as part pay-

ment of the commitment fee referred to above, the total of which shall at that time be considered earned by one of your life insurance company affiliates. In the event you are unable to secure from one of your life insurance company affiliates a commitment containing the foregoing terms, the good faith deposit shall be returned immediately.

ACCEPTED BY: Ronald R. Winegar
VP Irving Place Assoc. Inc.

DATED: 2–7–75

There was attached to the application a document entitled Schedule "A," which contained detailed provisions with respect to the requested loan. One of the provisions related to the commitment fee, and is as follows:

32. *Commitment Fee*: In consideration of your acceptance of this application, by which it will be converted into a formal loan commitment, we agree to pay you a fee in the amount of $30,000, which shall in no event whatsoever be refunded, and which shall be deemed earned at the time of your acceptance of this Application. Previously submitted, Due $10,000 with application, $20,000 upon issuance of commitment.

The response to respondent's application was a letter, dated March 6, 1975, from All American Life and Casualty Company, an affiliate of appellant, which is as follows:

To Irving Place Associates, Inc.

Attn: Mr. Greg C. Johnson

Re: AAL Commitment No. 873 Standby First Mortgage

Gentlemen:

We hereby offer to make a first mortgage loan as provided in and subject to the conditions of the attached Schedule A, which is incorporated herein and made a part hereof as if fully set forth at this point.

Please return to the undersigned on or before March 20, 1975, two executed copies of this Commitment Letter, accompanied by your check in the amount of $23,000.00. *Upon our timely receipt of the foregoing and our execution of both copies of this letter by the Chairman of*

*the Board or and [sic] executive officer, this shall become a binding agreement between us.* One fully executed copy of this letter will be returned to you. Should you fail to return and execute this letter within the period hereinbefore specified, this offer shall become void. [Emphasis added.]

This agreement may not be changed orally. The terms and conditions hereof will survive the closing of this proposed loan. All prior representations and agreements between the parties are merged in this agreement.

If you have any questions, please do not hesitate to contact me.

Sincerely yours,
M. C. McLain, J.D.
Counsel

AAL Commitment No. 873

March 6, 1975

ACCEPTED AND AGREED TO BY:
IRVING PLACE ASSOCIATES, INC.

BY: Ronald R. Winegar V. Pres.

Date: 3–18–75

We hereby acknowledge receipt of the Commitment Fee in the amount of $33,-000, subject to collection, and hereby agree that the Commitment is now in full force and effect.

ALL AMERICAN LIFE & CASUALTY COMPANY

On March 18, 1975, respondent accepted in writing the conditions specified in Schedule "A" attached to the March 6th letter. The check for $23,000, required by the letter, was not sent. All American Life and Casualty Company did not sign the letter to signify the making of a loan commitment to respondent. No binding mortgage loan commitment ever came into existence.

The documents set forth herein were drafted by the appellant.

On December 17, 1975, respondent requested the return of its $10,000 deposit from the appellant if no further efforts were to be made to secure a mortgage loan commitment. On December 24, 1975, appellant stated it would no longer seek a loan

commitment for respondent. It declined to return the deposit on the grounds that the deposit had been earned by it.

The court gave respondent a judgment against the appellant for a return of the deposit.

It is clear from the respondent's application of January 24, 1975, that it required a binding loan commitment as consideration for the commitment fee, and that the appellant was obligated to return the $10,000 deposit if such commitment was not made. All American Life and Casualty Company, an affiliate of appellant, received respondent's application from appellant. It responded with its letter of March 6th, stating that it hereby offers a first mortgage loan, but no binding commitment was to be effected until the respondent signed an acceptance and sent its check for $23,000, and the letter had been signed by its chairman of the board or an executive officer. An acceptance of the terms stated in the letter and the accompanying Schedule "A" would not give respondent a binding loan commitment. Neither would such acceptance and the remitting of the $23,000 have that effect. The final act had to be the execution of the acceptance part of the letter by the chairman of the board or/and an executive officer.

■ There does not appear to be any doubt that if the parties make it clear that they do not intend that there should be legal consequences unless and until a formal writing is executed, there is no contract until that time.[1]

Respondent's execution of the March 6th letter and its return to the All American Life and Casualty Company wwthout its check for $23,000 constituted a new offer which lapsed for want of acceptance within a reasonable time.

■ The so-called offer of March 6, 1975, by All American Life and Casualty Company, is not really an offer, but an invitation to submit an offer, as determined by the trial judge. An offer in contemplation of law requires that the proposal presented must confer upon the offeree the power to create a contract by the offeree's acceptance.[2]

The Restatement, Contracts (2d) Sec. 24, defines an offer as a "manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to the bargain is invited and will conclude it."

Appellant's brief states that:

While the Commitment Agreement (All American Life and Casualty Company's letter of March 6th) did not, in and of itself, constitute a mortgage commitment, it was clearly an *agreement to issue* such a commitment upon payment of the balance due on the commitment fees.

■ Appellant does not consider the full import of the statements in the March 6th communication that a binding agreement was to become effective only upon respondent's performance as required and when the signature of the chairman of the board or/and an executive officer was affixed. All American reserved to itself the last act in the formation of any agreement between the parties. There was no agreement to agree. Since the parties had not given mutual assent to all the essential terms, particularly as to when the remainder of the commitment fee was due and payable, the so-called "contract to make a contract" was not a contract at all.[3]

■ Inasmuch as no loan commitment was secured by appellant for respondent, the good faith deposit of $10,000 was required to be returned.

This disposes of the case, and other matters argued in the briefs need not be considered.

1. *Warrior Constructors, Inc. v. International Union* 383 F.2d 700 (5th Cir. 1967); *Smissaert v. Chiodo*, 163 Cal.App.2d 827, 330 P.2d 98 (1958); *Smith v. Onyx Oil & Chemical Co.*, 218 F.2d 104, 50 A.L.R.2d 216.

2. 1 Corbin on Contracts, Secs. 11 and 24 (1963), cases cited.

3. 1 Corbin on Contracts, Sec. 29.

The judgment of the district court is affirmed.

CROCKETT, C. J., and HALL and STEWART, JJ., concur.

WILKINS, J., concurs in the result.

MAUGHAN, J., does not participate herein.