**Mack HALLADAY and Merle Halladay, Plaintiffs and Respondents,**

v.

**Madge CLUFF, Perry K. Bigelow, and Norma G. Bigelow, Defendants and Appellants.**

**No. 860079-CA.**

Court of Appeals of Utah.

July 10, 1987.

---

**644**

Brent D. Young, Ivie & Young, Provo, for plaintiffs and respondents.

Dayle M. Jeffs, Jeffs & Jeffs, Provo, for defendants and appellants.

OPINION

Before ORME, GARFF and JACKSON, JJ.

ORME, Judge:

Halladays commenced this action to quiet title to a parcel of property sometimes referred to as the orange parcel. They relied on their holding actual legal title. Cluff counterclaimed seeking to quiet title to the orange parcel on the basis of boundary by acquiescence and, alternatively, seeking to quiet title to another parcel of property, sometimes referred to as the green parcel, if the court determined to adjudicate the rights of the parties with reference to legal

titles rather than on the basis of boundary by acquiescence. The unusual situation came about because Halladays held legal title to the orange parcel, which Cluff[1] occupied, while Cluff held legal title to the green parcel, which Halladays occupied. If occupancy controlled, Cluff would own the orange parcel and Halladays the green. If legal title controlled, Halladays would own the orange parcel and Cluff the green. Under no consistently applied theory would either party be entitled to both parcels.

Cluff was successful at trial, persuading the court to adjust the parties' competing rights on the basis of the boundary by acquiescence doctrine. Thus, she was held to have title to the larger orange parcel primarily in dispute, but Halladays got the smaller green parcel on the same basis.

Halladays appealed to the Supreme Court and were successful there. *Halladay v. Cluff*, 685 P.2d 500 (Utah 1984). The Supreme Court held that boundary by acquiescence did not apply, given the facts developed at trial, and that legal title should control. *See id.* at 507. Of course, since the judgment had been adverse to Halladays only as concerned the orange parcel, the orange parcel was the focus of the appeal.[2] The case was remanded for entry of "a new decree in conformity" with the Supreme Court's opinion.

On remand, Cluff argued that consistency with the Supreme Court's analysis required that her alternative claim be granted. Cluff argued that if legal title was to control, it should control the whole dispute, and she should be awarded the green parcel, to which she held title.

■ The trial court, however, concluded that Cluff's failure to take a cross-appeal from the determination concerning the green parcel foreclosed any re-examination

1. The orange parcel was actually occupied and claimed by the Bigelows and Cluff, adjacent landowners, apparently as though the undisputed boundary between them continued on through the orange parcel. Bigelows are not parties to the instant appeal and in the interest of simplicity we refer only to Cluff even in situations where technically the reference should be to "Cluff and Bigelows."

2. The orange parcel, labeled MNOP on Cluff's exhibits, was referred to in *Halladay v. Cluff*, 685 P.2d 500 (Utah 1984), as the ABCD parcel. *Id.* at 502. The green parcel, labeled WXYZ on the exhibits, was not delineated on the Supreme Court's map, but lies to the west of the ADE line on their map. *See id.*

of that issue. We cannot agree. Cross-appeals are properly limited to grievances a party has with the judgment as it was entered—not grievances it might acquire depending on the outcome of the appeal. *See Cunningham v. Lynch-Davidson Motors, Inc.*, 425 So.2d 131, 133 (Fla.App.1982) (cross-appeal only required when respondent seeks to vary or modify judgment below); *Terry v. Zions Co-Op. Mercantile Inst.*, 617 P.2d 700, 701 (Utah 1980) ("[I]f a respondent desires to attack the judgment and change it in his favor, he must timely file a cross-appeal ...."). *See also* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3904 (1976).

■ Cluff knew all along she could not have it both ways. Either boundary by acquiescence would apply, in which case she would win the larger parcel but lose the smaller, or legal titles would control, in which event she would lose the larger parcel but at least get the smaller one.[3] She could not plausibly argue one theory as to one parcel and another as to the other and walk away with both contested parcels. On balance, Cluff would come out much better if the boundary by acquiescence argument carried the day. She accordingly

argued for application of that theory. She prevailed at the trial level to the fullest extent possible consistent with a disciplined decision, even though she "lost" as to the green parcel. Halladays appealed, arguing that legal titles, not the doctrine, should govern. Cluff's proper response to that appeal was to resist the Halladays' arguments and seek to have the trial court affirmed. A cross-appeal would not have been appropriate. Cluff had no dissatisfaction with the trial court's judgment, which she simply wanted to have affirmed. Moreover, a cross-appeal would have left Cluff and Halladays making inconsistent and contrary arguments depending on which parcel was being focused on.[4]

Thus, the absence of a cross-appeal did not, of itself, foreclose the trial court from reassessing the status of the green parcel in view of the Supreme Court's decision and changing its decree as to that parcel as well, so the "new decree" would be fully "in conformity" with the doctrine expressed in the Court's opinion.[5]

■ However, for the trial court to be able to address the green parcel on remand, i.e., to reconsider the claim in the alternative that if Cluff did not own the

---

**3.** The trial court appreciated the need for a consistent approach to the entire dispute and later referred to its decree as "a fence-line decree."

**4.** The facts of this case are extremely unusual and it might even look like a case where some kind of "contingent" cross-appeal should have been filed. That illusion disappears if one focuses not on the component parts of the dispute but rather on the dispute as a whole and the pivotal role in its resolution of the selection and consistent application of one of two competing legal doctrines. Generally, however, the decision whether to cross appeal is simple. If a respondent wishes to modify or vary the trial court's judgment, he must cross appeal. *See Mann v. Oppenheimer & Co.*, 517 A.2d 1056, 1060 (Del.Supr.1986) ("[A]bsent a cross-appeal, the [respondent] may not attack the judgment of the court below with a view to enlarging its own rights or lessening the rights of its adversary."); *Terry v. Zions Co-Op. Mercantile Inst.*, 617 P.2d 700, 701 (Utah 1980). If he only wants the judgment affirmed, he should not cross appeal. Nothing in this opinion should be taken to create allowances for parties who should cross appeal but do not. *See, e.g., Bentley v. Potter*, 694 P.2d 617, 622 (Utah 1984); *Cerritos Trucking Co. v. Utah Venture No. 1*, 645 P.2d 608, 613

(Utah 1982); *Eliason v. Watts*, 615 P.2d 427, 431 (Utah 1980). *See also Ryan v. State*, 150 Ariz. 549, 724 P.2d 1218, 1223 (App.1986) (respondent can't raise assignment of error because issue not made subject of cross-appeal); *Broadhead v. McEntire*, 19 Ark.App. 259, 720 S.W.2d 313, 318 (1986) (respondent can't argue for specific performance because filed no cross-appeal); *Hein Enterprises, Ltd. v. S.F. Real Estate Invs.*, 720 P.2d 975, 980 (Colo.App.1985) (respondent's failure to perfect cross-appeal precluded raising attorney's fee issue).

**5.** Trial courts are in a much better position to evaluate an entire case, including its nuances and undisclosed pitfalls, than an appellate court. It is for this reason that where, as in this case, all possible ramifications of a decision on appeal may not be readily apparent, a case will be remanded for such proceedings as are appropriate in view of the guidance offered in the opinion. It is no doubt for this reason the Supreme Court, in addition to specifically directing the trial court to quiet title to the orange parcel in the Halladays, remanded in general terms for "the entry of a new decree in conformity with" its opinion.

orange parcel she owned the green one, it would be necessary that that claim had not been compromised, dismissed, or otherwise unconditionally disposed of. If, as Halladays suggest on this appeal, Cluff unqualifiedly waived her claim to the smaller parcel, without regard to the disposition made as to the larger one or the legal doctrine underlying that disposition, Cluff would not be entitled to any relief. If, on the other hand, the claim to the green parcel was expressly preserved or had been resolved only as a necessary part of the basic determination concerning boundary by acquiescence, Cluff would clearly be entitled to an opportunity to show the trial court that the Supreme Court's reversal as to the larger parcel necessitates a "reversal" as to the other.[6]

We have reviewed the record, with considerable care, with an eye toward determining whether the claim was unqualifiedly waived. Cluff's counterclaim was crystal clear that she should be declared the owner of the orange parcel on the basis of the doctrine of boundary by acquiescence, but that if she was unsuccessful, she should be declared the owner of the green parcel because of the "identical circumstances" concerning each parcel. At trial, Cluff explained her position, through counsel, in response to the court's initial perception that she was conceding her rights to the green parcel:

> What I'm saying, when I said the same principle lies, if the Court is going to follow title lines, rather than boundary by acquiescence, then we would be entitled to the green slashed area. And we believe that if Mr. Halladay is entitled to the orange slashed area to this title line, that we are entitled to move over to the title line. That there should be a consistency.

Counsel for Halladays then sought to characterize Cluff's position as conceding the green parcel. The court explained that Cluff simply wanted a consistent legal approach and concluded by observing: "So

there will be no stipulations on that." The parties then presented their evidence. After argument, the court issued a written decision. It recited no waiver or concession by Cluff as to the green parcel, but rather reached the merits and found that Halladays had established entitlement to it on the basis of boundary by acquiescence under the cases of *Fuoco v. Williams*, 15 Utah 2d 156, 389 P.2d 143 (1964), and *Hales v. Frakes*, 600 P.2d 556 (Utah 1979). Conversely, the trial court found, relying principally on the same cases, that Cluff had established entitlement to the orange parcel on the basis of boundary by acquiescence. Subsequently, the court entered Findings and Conclusions which reflect that the court reached the merits on both the green and the orange parcels and decided both situations on the basis of a consistent application of the doctrine of boundary by acquiescence. A single, short decree recited the result of the court's decision and quieted title to the green parcel in Halladays and the orange parcel in Cluff.

We see in none of this any concession or waiver by Cluff. The only place to which Halladays specifically point us in support of their contention that there was such a waiver, is at best ambiguous. The exchange followed an unreported bench conference and is, in its entirety, as follows:

> The Court: As a result of a Bench Conference, I think there is no issue on that particular area, Mr. Young.
> Mr. Young: The area of "W", "X" "Y" and "Z" on Plaintiffs' Exhibit 8?
> The Court: Yes.

While we would in any event be unwilling to construe that brief exchange between the court and *Halladays'* counsel as a concession by Cluff, we are especially not inclined to do so since the court in its decision made no mention of any concession or waiver by Cluff, but rather spoke in terms of a decision on the merits. At the hearing before the trial court following remand by the Supreme Court, Halladays' counsel ac-

---

**6.** Loosely following the trial court's characterization quoted in Note 2, *supra,* Cluff wants nothing more than an opportunity to persuade the trial court that the Supreme Court's decision simply means the court's decree should have been a "title-lines decree" rather than a "fence-line decree."

knowledged that the green parcel had been tried and not resolved by stipulation. Moreover, the court's remarks at that hearing, and in its subsequent written ruling, make clear the exclusive basis for its decision not to reconsider its disposition of the green parcel was its conclusion that the failure of Cluff to cross-appeal precluded it from doing so. No mention was made by the court of any pre-judgment concession or waiver by Cluff.

Accordingly, the trial court's order of October 18, 1984 is vacated and the case is again remanded to the trial court "for the entry of a new decree in conformity with" the Supreme Court's prior decision. In that regard, Cluff is entitled to an opportunity to show the trial court that the evidence adduced at trial as to the green parcel, when squared with the Supreme Court's decision, entitles Cluff to the green parcel. If it does, the "new decree" contemplated by the Supreme Court should so provide. Costs of this appeal to Cluff.

GARFF and JACKSON, JJ., concur.