2005 UT App 523

**1–800 CONTACTS, INC., Plaintiff and Appellant,**

v.

**Randolph WEIGNER, an individual; Randolph Weigner DTVTV@yahoo.com; and Lensfast, LLC, Defendants and Appellees.**

No. 20050036–CA.

Court of Appeals of Utah.

Dec. 8, 2005.

Paxton R. Guymon and Joel T. Zenger, Salt Lake City, for Appellant.

Denver C. Snuffer Jr. and Daniel Garriott, Sandy, for Appellees.

Before Judges BENCH, GREENWOOD, and ORME.

## MEMORANDUM DECISION

GREENWOOD, Judge:

¶1 Plaintiff 1–800 Contacts, Inc. appeals the trial court's ruling that the electronic mail (email) communications between Plaintiff and Defendants Randolph Weigner, Randolph Weigner *DTVTV@yahoo.com*, and Lensfast, LLC (collectively, Defendant) did not constitute a binding contract regarding the sale of Defendant's assets, and that there were no genuine issues of material fact. Plaintiff also argues that the trial court erred in concluding that, even if there was a contract for the sale of the subject assets, Defendant could rescind the contract at its sole discretion prior to the execution of the contract. We affirm.[1]

¶2 There are two primary elements necessary for a contract: (1) an offer and (2) an acceptance. *See Utah Ass'n of Credit Men v. McConnell*, 50 Utah 531, 167 P. 817, 820 (1917). An offer is a " 'manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to the bargain is invited and will conclude it.' " *Engineering Assocs. v. Irving Place Assocs.*, 622 P.2d 784, 787 (Utah 1980) (quoting Restatement (Second) of Contracts § 24). "An acceptance must unconditionally assent to all material terms presented in the offer, including price and method of performance, or it is a rejection of the offer." *Cal Wadsworth Constr. v. City of St. George*, 898 P.2d 1372, 1376 (Utah 1995).

¶3 We review the trial court's ruling on a summary judgment motion for correctness, and the trial court's legal conclusions are given no particular deference. *See Prince,*

---

1. In reaching this outcome, we note that, in the trial court, Plaintiff failed to avail itself of rule 56(f) of the Utah Rules of Civil Procedure, which allows a party opposing summary judgment to file a motion seeking further discovery. *See* Utah R. Civ. P. 56(f); *see also Downtown Athletic Club v. Horman*, 740 P.2d 275, 278 (Utah Ct.App. 1987).

*Yeates & Geldzahler, P.C. v. Young,* 2004 UT 26, ¶ 10, 94 P.3d 179.

¶ 4 "In determining whether the parties created an enforceable contract, a court should consider all preliminary negotiations, offers, and counteroffers and interpret the various expressions of the parties for the purpose of deciding whether the parties reached agreement on complete and definite terms." *Nunley v. Westates Casing Servs., Inc.,* 1999 UT 100, ¶ 22, 989 P.2d 1077. "Only when contract terms are complete, clear, and unambiguous can they be interpreted by the judge on a motion for summary judgment." *Colonial Leasing Co. of New England v. Larsen Bros. Constr. Co.,* 731 P.2d 483, 488 (Utah 1986).

¶ 5 Plaintiff argues that, because the parties had agreed upon certain material terms, including the property to be sold, the purchase price, and the manner of payment, there was sufficient agreement to create an enforceable contract.

¶ 6 Defendant's April 13, 2004 email to Plaintiff stated that

> This offer is entirely dependent upon my agreement with your attorney's terms and conditions for the acquisition and is not to be considered legally binding until a physically executed contract between the two companies is completed. Until the time said contract is executed I may, at my sole discretion, rescind or modify this offer in any way I see fit.

¶ 7 By this email, Defendant clearly and unambiguously reserved the right to modify or rescind its offer up to and until the time the parties executed a written agreement. Subsequent emails between the parties did not clearly abrogate this condition to the finality of the contract. " '[I]f an intention is manifested in any way that legal obligations between the parties shall be deferred until the writing is made, the preliminary negotiations and agreements do not constitute a contract.' " *R.J. Daum Constr. Co. v. Child,* 122 Utah 194, 247 P.2d 817, 820 (1952) (quoting Restatement of Contracts § 25 cmt. a). As a result, Plaintiff fails in his argument that the trial court erred in ruling that the email communications between the two parties did not constitute an enforceable contract.

¶ 8 For similar reasons, Plaintiff's argument for specific performance also fails. Specific performance is an equitable remedy which "cannot be required unless all terms of the agreement are clear. The court cannot compel the performance of a contract which the parties did not mutually agree upon." *Pitcher v. Lauritzen,* 18 Utah 2d 368, 423 P.2d 491, 493 (1967). "Specific [performance] may be granted only if the parties' intent as to the essential terms of the agreement is clear." *Barnard v. Barnard,* 700 P.2d 1113, 1114 (Utah 1985).

¶ 9 Defendant unequivocally reserved the right to rescind or modify its offer until it was reduced to writing. "An agreement cannot be enforced if its terms are indefinite or demonstrate that there was no intent to contract." *Richard Barton Enters., Inc. v. Tsern,* 928 P.2d 368, 373 (Utah 1996). In this case, the email communications indicate Defendant did not intend to create a binding agreement between the parties until and unless it was reduced to a writing. Consequently, no contract resulted.

¶ 10 Accordingly, we affirm.

¶ 11 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge, and GREGORY K. ORME, Judge.