2011 UT App 36

**TOOELE ASSOCIATES LIMITED PARTNERSHIP, et al., Plaintiffs and Appellant,**

v.

**TOOELE CITY, et al., Defendants and Appellee.**

No. 20090694–CA.

Court of Appeals of Utah.

Feb. 3, 2011.

Bruce R. Baird, Salt Lake City, for Appellant.

George M. Haley and Christopher R. Hogle, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Richards v. Security Pac. Nat'l Bank*, 849 P.2d 606, 608 (Utah Ct.App.), *cert. denied*, 859 P.2d 585 (Utah 1993). We review a district court's grant or denial of summary judgment for correctness. *Id.* "This is true whether the issue presented on summary judgment is one of law or equity." *See id.*

¶ 2 To establish a breach of contract claim, a party must identify a contracted duty that the other party has breached. *See ELM, Inc. v. M.T. Enters., Inc.*, 968 P.2d 861, 863–64 (Utah Ct.App.1998), *cert. denied*, 982 P.2d 89 (Utah 1999). When a party seeks an order of specific performance, the contract must clearly impose the duty sought to be enforced. *See Brown's Shoe Fit Co. v. Olch*, 955 P.2d 357, 365 n. 8 (Utah Ct.App. 1998) (explaining that the terms of a contract

may be "certain enough to 'provide the basis for the calculation of damages but not certain enough to permit the court to frame an order of specific performance or an injunction' ") (quoting Restatement (Second) of Contracts § 362 cmt. a (1981)). Indeed, for a court to order specific performance,

> [t]he contract must be free from doubt, vagueness, and ambiguity, so as to leave nothing to conjecture or to be supplied by the court. It must be sufficiently certain and definite in its terms to leave no reasonable doubt as to what the parties intended, and no reasonable doubt of the specific thing equity is called upon to have performed, and it must be sufficiently certain as to its terms so that the court may enforce it as actually made by the parties.

*Pitcher v. Lauritzen*, 18 Utah 2d 368, 423 P.2d 491, 493 (1967) (citation omitted). *See Eckard v. Smith*, 527 P.2d 660, 662 (Utah 1974); *1–800 Contacts, Inc. v. Weigner*, 2005 UT App 523, ¶ 8, 127 P.3d 1241.

¶ 3 We conclude that even taking the most expansive view of the Development Agreement between Tooele Associates and the City, there is no provision that clearly imposes a continuing duty on the City to maintain the seventeen wastewater storage lakes at issue, let alone a duty to maintain those storage lakes to a specific seepage standard. We acknowledge that an argument can be made based on extrinsic evidence and the covenant of good faith and fair dealing that the City had a duty to maintain the storage lakes, perhaps even to a specific standard. However, because "[s]pecific performance cannot be granted unless the terms [of the contract] are clear, and that clarity must be found from the language used in the document," *Eckard*, 527 P.2d at 662, absent a clear provision in the Development Agreement imposing a specific maintenance duty, we decline to upset the district court's summary judgment denying equitable relief to Tooele Associates.[1] Our decision is reinforced by the institutional reluctance of Utah courts to apply equitable doctrines against municipal bodies and governmental subdivisions. *See Eldredge v. Utah State Ret. Bd.*, 795 P.2d 671, 675 (Utah Ct.App.1990) (explaining that "the doctrine of [equitable] estoppel is not assertable against the state and its agencies"); *Xanthos v. Board of Adjustment*, 685 P.2d 1032, 1041 (Utah 1984) (Howe, J., dissenting) (explaining that generally, courts are reluctant to impose the equitable doctrine of laches against governmental subdivisions).

¶ 4 Accordingly, we affirm the district court's denial of Tooele Associates' specific performance claim.[2]

¶ 5 WE CONCUR: WILLIAM A. THORNE JR., and MICHELE M. CHRISTIANSEN, Judges.

---

1. We note that reliance on extrinsic evidence and the covenant of good faith and fair dealing is problematic in any event. Specifically, the City puts forth its own extrinsic evidence that counters Tooele Associates' claim that the City had a maintenance duty. Extrinsic evidence can be a basis for an order of specific performance only where such evidence enables a court to "determine [that] the actual contract is certain and the obligation and rights of the parties defined." *Reed v. Alvey*, 610 P.2d 1374, 1377 (Utah 1980). Likewise, our Supreme Court has explained that the implied covenant of good faith and fair dealing "cannot be read to establish new, independent rights or duties to which the parties did not agree ex ante." *Oakwood Vill. LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 45, 104 P.3d 1226.

2. The thrust of Tooele Associates' claim below and the focus of its presentation on appeal has been its request for specific performance. As explained above, we agree with the district court that an order of specific performance is not appropriate in this case. We recognize, however, that Tooele Associates also maintains that it has consistently pursued a claim for nominal damages as an alternative to specific performance. Because of the complex and potentially overlapping nature of the claims and defenses in this matter, and recognizing that "[t]rial courts are in a much better position to evaluate an entire case, including its nuances and undisclosed pitfalls, than an appellate court," *Halladay v. Cluff*, 739 P.2d 643, 645 n. 5 (Utah Ct.App.), *cert. denied*, 765 P.2d 1277 (Utah 1987), we conclude that the nominal damages issue, which may very well determine which party committed the first material breach of the Development Agreement, would best be addressed by the district court as it resolves the remaining issues in this case. Accordingly, we affirm the district court's denial of specific performance and leave the nominal damages claim to be decided as the case proceeds to final resolution in the district court.