ORME, Judge
(concurring in the result):
¶56 I agree with my colleagues’ bottom line, but I disagree with much of their analysis. Thus, I join in the mandate of reversal with remand, but I get there from a quite different perspective.
¶57 While my colleagues’ urge to rescue the Harrisons from them bad bargain is understandable, the district court was absolutely correct in interpreting the contract in accordance with its plain meaning: NYA had the contractual right to extend the closing date from month-to-month, without limits other than those resulting from the exercise of its own business judgment about when would be the best time to close the sale and commence development, upon payment of a stated amount. At least in retrospect, this was not a great arrangement from the standpoint of the Harrisons, who would have been better off with a provision limiting the number of times that NYA could extend the time for closing by paying that amount, or providing that it was a convenience fee only and would not be credited to the purchase price, or having the amount go up by $ 1000 per month. But they insisted upon none of those provisions in the course of negotiation and thus are stuck with their bargain. And the bargain itself is, perhaps, not all that unreasonable. After all, they wanted to sell the land to fund their retirement, and the monthly closing-postponement fee provided a reliable source of income pending NYA’s eventual purchase, even as they continued to reap the benefits of the land’s traditional agricultural use. (Clearly, they would have been better off with the larger stream of income that would have been available had they not agreed to reduce the monthly payments by half. Again, though, that was their decision.)
¶58 Turning to the next principal issue, I part ways with the district court and essentially agree with the position ultimately taken by my colleagues, although not all of their analysis. While in my view NYA was free to keep paying the monthly amount to extend the closing date, it had no right to condition the last payment it tendered on the Harri-sons’ acceptance of the self-serving points made in the letter accompanying its check. Thus, the Harrisons were free to reject the conditional tender. When NYA did not follow up with unconditional payment of the monthly amount, NYA became obligated to close by a date certain, as specified in the REPC.
¶59 It seems to me that when that date came and went without NYA tendering the purchase price, NYA breached. But I recognize the case may well be more complicated than that, so I have no problem with remanding to let the district court sort out what, exactly, should happen now. See Halladay v. Cluff, 739 P.2d 643, 645 n.5 (Utah Ct. App. 1987) (“Trial courts are in a much better position to evaluate an entire case, including its nuances and undisclosed pitfalls, than an appellate court. It is for this reason that where, as in this case, all possible ramifications of a decision on appeal may not be readily apparent, a case will be remanded for such proceedings as are appropriate in view of the guidance offered in the opinion.”). But at a big picture level, it seems to me that while NYA won a battle—it is right that it had the option of extending the closing date from month to month—it loses the war. Why? Because it failed to continue making those payments after its improperly conditioned tender was appropriately rejected by the Harrisons, following which it failed to tender the balance due, thereby materially breaching the contract.